United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SERGIO A ZEPEDA, et al. | ) | Case No.: 5:CV 11-00777-EJD |
| | ) | |
| Plaintiffs, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | |
| | ) | [Re: Docket Item Nos. 9 and 15] |
| ONEWEST BANK FSB, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## I.  INTRODUCTION

Presently before the court is a Motion to Dismiss filed by OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants").  See Docket Item No. 15.  Having reviewed the parties' submissions, the court finds this matter appropriate for decision without oral argument.  Civil L.R. 7-1(b).  For the reasons explained below, the Court GRANTS Defendants' motion to dismiss.[1]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2007, Plaintiffs Sergio A Zepeda and Ana L. Zepeda ("Plaintiffs") obtained a $740,000 loan secured by their property in San Jose, California ("Subject Property").  See Complaint, Docket Item No. 1-1 at ¶¶ 1, 5 & Exs. A-B.  Plaintiffs obtained the loan through Defendant Americhoice Financial & Real Estate Services.  Compl. at ¶ 5. The Deed of Trust

---

[1]   This disposition is not designated for publication in the official reports.

1  identifies Alliance Bancorp. as the lender, Financial Title Company as the trustee, and MERS as

2  the beneficiary acting solely as a nominee for the lender and the lender's successors and assigns.

3  Compl. at ¶ 5 & Ex. B.

4        On May 28, 2008, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of

5  Default") was recorded based on Plaintiffs' failure to make the payments due on January 1, 2008

6  and thereafter.  Compl. at ¶ 5 & Ex. C.  The Notice of Default identifies IndyMac Bank Home

7  Loan Servicing as the entity to contact regarding the amount due, to arrange for payment, or if the

8  property is in foreclosure for any other reason.  Id.  On September 3, 2008, a Notice of Trustee's

9  Sale was recorded stating that the trustee's sale was to be conducted on September 18, 2008.

10  Compl. at ¶ 5 & Ex. E.  A Trustee's Deed Upon Sale dated March 13, 2009 was recorded on March

11  18, 2009.  See Defendants' Request for Judicial Notice in Support of Motion to Dismiss ("RJN"),

12  Ex. F.[2]

13        It was not until March 4, 2009 that the Office of Thrift Supervision issued Order No. 2009-

14  13 authorizing the formation of One West.  RJN, Ex. G.  One West was then subsequently

15  established on March 19, 2009.  RJN, Ex. H.

16        This action was filed on December 13, 2010 in Santa Clara County Superior Court,

17  purporting to set forth seventeen causes of action against OneWest, MERS, and various other

18  parties.  In the Complaint, Plaintiffs assert federal causes of action under the Truth In Lending Act

19  and the Real Estate Settlement Procedures Act, as well as numerous California statutory and

20  common law causes of action.   See Docket Item No. 1-1.

21        Defendants OneWest and MERS removed the action to this District pursuant to 28 U.S.C §

22  1331 and 28 U.S.C. § 1441(b).  See Docket Item No. 1.  On March 9, 2011, Defendants filed their

23  Motion to Dismiss for failure to state a claim, which was set for hearing on May 12, 2011 in front

24  of the Honorable Lucy H. Koh.  Docket Item No. 9.  Pursuant to Civil L.R. 7-3(a), Plaintiffs'

---

[2]   Defendants' RJN (Docket Item No. 15-1 and 15-2) is GRANTED in its entirety since Exhibits
F, G and H are judicially noticeable as "capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); Hite v.
Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D.
Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 WL
1924777, 2010 U.S. Dist. LEXIS 54932, at *6-7 (N.D. Cal. May 12, 2010).

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1   opposition or statement of non-opposition to the motion to dismiss was due no later than April 21,

2   2011.  However, Plaintiffs did not file any opposition or statement of non-opposition to the Motion

3   to Dismiss.  See Docket.  On April 25, 2011, this case was reassigned to the Honorable Edward J.

4   Davila, Docket Item No. 10, and the Motion to Dismiss was re-set for hearing on October 7, 2011.[2]

5   Docket Item No. 15.

6          Prior to the hearing date, Defendants informed Plaintiffs and the Court that Plaintiffs'

7   attorney, James J. Brown III, was rendered ineligible to practice law by Order of the State Bar of

8   California as of March 18, 2011.  Docket Item No. 18.  Given this turn of events, the court held a

9   telephonic conference on October 7, 2011 to discuss the sufficiency of Defendants' notice to

10  Plaintiffs regarding the pending Motion to Dismiss.  Docket Item No. 21.  Plaintiffs did not appear

11  for that conference.  Docket Item No. 21.  On October 13, 2011, Plaintiffs mailed a letter to the

12  court, explaining their inability to locate their attorney, and expressing confusion as to the status of

13  their case.  Docket Item No. 23.

14  ### III.  LEGAL STANDARD

15          Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

16  specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

17  rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

18  complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

19  upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

20  appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

21  cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

22  2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

23  speculative level" such that the claim "is plausible on its face."  Twombly, 550 U.S. at 556-57.

24  When deciding whether to grant a motion to dismiss, the court generally "may not consider any

25  material beyond the pleadings."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,

26
27  [2]   The provisions of Civil L.R. 7-3(a) in effect at the time required that "[a]ny opposition to a
        motion must be served and filed not less than 21 days before the hearing date."  The Reassignment
        Order dated April 25, 2011 was issued *after* the deadline for Plaintiffs to file any opposition(s) and
28      did not alter or extend the time for filing and serving opposing papers.

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1555 n. 19 (9th Cir. 1990).  The court must accept as true all "well-pleaded factual allegations."

Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009).  The court must also construe the

alleged facts in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242,

1245 (9th Cir. 1988).  "[M]aterial which is properly submitted as part of the complaint may be

considered."  Twombly, 550 U.S. at 555.  But "courts are not bound to accept as true a legal

conclusion couched as a factual allegation."  Id.

Additionally, fraud-based claims are subject to heightened pleading requirements under

Federal Rule of Civil Procedure 9(b).  In that regard, a plaintiff alleging fraud "must state with

particularity the circumstances constituting fraud."  Fed. R. Civ. Proc. 9(b).  The allegations must

be "specific enough to give defendants notice of the particular misconduct which is alleged to

constitute the fraud charged so that they can defend against the charge and not just deny that they

have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  To that end,

the allegations must contain "an account of the time, place, and specific content of the false

representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG

LLP, 476 F.3d 756, 764 (9th Cir. 2007).

## IV.  DISCUSSION

### A.      First Cause of Action: "Lack of Jurisdiction of a Limited Jurisdiction Forum"

Plaintiffs' First Cause Action for "Lack of Jurisdiction of a Limited Jurisdiction Forum"

does not set forth a recognized cause of action, stating only that "the issues and laws may be

beyond the jurisdiction in a limited forum to adequately adjudicate Plaintiffs' rights and defenses."

Compl. ¶ 6.  Plaintiffs, within the same claim, seem to be requesting injunctive relief as they "seek

to stay any attempt at prosecuting an Unlawful Detainer."  Id.

As a preliminary matter, an injunction is a "remedy and not, in itself, a cause of action, and

a cause of action must exist before injunctive relief may be granted."  Shell Oil Co. v. Richter, 52

Cal. App. 2d 164, 168 (1942); see also Art Movers, Inc. v. Ni West, Inc., 3 Cal. App. 4th 640, 646

(1992).  "[T]he basis for injunctive relief in the federal courts has always been irreparable injury

and the inadequacy of legal remedies."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

Moreover, in deciding whether to grant a preliminary injunction, a district court must consider

1    whether the plaintiffs have demonstrated that they are likely to prevail on the merits.  See, e.g.,

2    Doran v. Salem Inn, Inc., 422 U.S. 922, 931 (1975).

3           Plaintiffs fail to allege facts to satisfy these elements; they fail to allege facts explaining

4    why defending an unlawful detainer action would not be an adequate remedy, or facts to show that

5    they will prevail on the merits.  Furthermore, Plaintiffs' claim fails because they do not plead a

6    viable claim that could support staying or enjoining an unlawful detainer proceeding.  They have

7    not set forth any facts showing a right to possession. For these reasons, Plaintiffs' First Cause of

8    Action fails to set forth a claim for relief and will be dismissed.

9           **B.      Second Cause of Action: "Unequitable Practices and Predecessor and
                       Successor Corporate Liability"**
10

11          Plaintiffs' Second Cause of Action is also not a cognizable claim.  It is unclear what

12   Plaintiffs are seeking and insofar as they are asking for an injunction; they fail to state what actions

13   they are requesting be enjoined.  As stated above, an injunction is a "remedy and not, in itself, a

14   cause of action, and a cause of action must exist before injunctive relief may be granted."  Shell, 52

15   Cal. App. 2d at 168.  Assuming Plaintiffs are claiming injunctive relief, their claim fails because

16   Plaintiffs do not plead a viable claim that could support the relief they seek.  Again, Plaintiffs fail

17   to allege facts tending to show that they will prevail on the merits, or explain why defending an

18   unlawful detainer action would not be an adequate remedy.  Thus, Plaintiffs' Second Cause of

19   Action fails to state a claim and will be dismissed.

20          **C.      Third Cause of Action: Violation of 12 U.S.C. § 2605 et seq.**

21          Plaintiffs' Third Cause of Action claims that "Defendants and Their Agents" violated the

22   Real Estate Settlement Procedures Act ("RESPA").  In connection with this claim, Plaintiffs allege

23   that "fees were never properly disclosed to the borrower" and "Defendants and their agents, have

24   an obligation to provide a Good Faith Estimate of the closing costs that will be due at time of

25   settlement, among myriad other duties and responsibilities, including but not limited to Fiduciary

26   Duties."  Compl. ¶ 8.

27          Plaintiffs' RESPA claim fails for several reasons, most notably because it is barred by

28   RESPA's statute of limitations.  12 U.S.C. § 2614 (RESPA's statute of limitations varies from 1 or

United States District Court
For the Northern District of California

5

United States District Court
For the Northern District of California

3 years depending on the alleged violation).  Although it is unclear which statute of limitation applies since Plaintiffs have not alleged any facts or dates in support of their RESPA claim, they are barred from asserting *any* RESPA violation because Plaintiffs allege they obtained the loan on January 30, 2007 and the Plaintiffs did not file their complaint until December 13, 2010, more than three years after the original loan was made and hence more than three years after any estimate of closing costs would have been due.  Compl. ¶ 5 & Ex. B.   Because Plaintiffs claim for an alleged violation of 12 U.S.C. § 2605 is time-barred, it is dismissed with prejudice.

**D.      Fourth Cause of Action: "The 90 Day Moratorium"**

Plaintiff alleges that Defendants' attempt at foreclosure, trustee's sale and eviction are prohibited by California Civil Code § 2923.52.  Defendants argue that Section 2923.52 does not create a private right of action, and cannot serve as a ground to delay foreclosure.  The court agrees.

Section 2923.52[3] imposes an additional 90-day delay in the normal foreclosure process, "in order to allow the parties to pursue a loan modification to prevent foreclosure."  <u>Vuki v. Superior Court</u>, 189 Cal.App.4th 791, 795 (2010).  There is no private right of action, however, under Section 2923.52 because enforcement of this section is committed to regulatory agencies.  <u>Id.</u> at 798-99.  Accordingly, Plaintiffs' claim based on Section 2923.52 is dismissed with prejudice.

**E.      Fifth Cause of Action: "The Making Home Affordable Program"**

Plaintiffs' Fifth Cause of Action alleges that the Home Affordable Modification Program ("HAMP") was "illegally denied to" Plaintiffs.  This claim fails because there is no private right of action under HAMP.  <u>Manabat v. Sierra Pacific Mortgage Co., Inc.</u>, 2010 WL 2574161, at *11 (E.D. Cal. 2010) ("Congress did not intend to create a private right of action for violation of HAMP against lenders that received HAMP funds.").  Accordingly, Plaintiffs lack standing to claim a violation under HAMP and their claim is dismissed with prejudice.

///

///

---

[3]    As provided in the statute itself, California Civil Code § 2923.52 was valid only until January 1, 2011.

6

**United States District Court**
For the Northern District of California

**F.      Sixth Cause of Action: Violation of the Fair Debt Collection Practices Act**

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by engaging in certain unfair debt collection practices.  Plaintiffs claim a violation of 15 U.S.C. § 1692g without stating any facts or identifying specific actors.  As a threshold matter, such conclusory allegations fail to state a cause of action.

Plaintiffs' FDCPA claim fails because OneWest and MERS are not debt collectors.  Under the FDCPA, a "debt collector" is defined as someone whose "principal purpose is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This definition explicitly excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  15 U.S.C. § 1692a(6)(A).  Thus, to the extent that OneWest and/or MERS were undertaking certain debt collection activities, they were doing so on their own behalf, and are not liable for those actions under the FDCPA.  See, e.g., Usher v. Greenpoint Mortgage Funding, Inc., No. CIV S-10-0952 LKK DAD PS, 2010 WL 4983468 (E.D. Cal. Dec. 2, 2010) (granting motion to dismiss FDCPA claim because borrower's lender and the lender's assignees were not "debt collectors" as a matter of law); Ricon v. Recontrust Co., 2009 WL 2407396, at *3 (Lender's "alleged misconduct was directed at collecting its own debt, therefore, the FDCPA does not apply."); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (granting motion to dismiss FDCPA claim because lender and mortgage servicer were not "debt collectors" under that statute).  The FDCPA cause of action against OneWest and MERS must therefore be dismissed with prejudice.

**G.      Seventh Cause of Action: "No Right to Seek Possession of the Property"**

Plaintiffs' Seventh Cause of Action is also not a cognizable claim. It is unclear what Plaintiffs are seeking, and insofar as they are making a claim for "Unfair Practices," they fail to allege any facts in support of their claim.  Compl. at ¶ 12.  To the extent that they are seeking a claim under California Business and Professions Code § 17200, their claim fails for the same reasons explained below regarding their Eighth Cause of Action.  Accordingly, Plaintiffs Seventh Cause of Action will be dismissed.

7

United States District Court
For the Northern District of California

**H.      Eighth Cause of Action: Unfair or Deceptive Acts and Practices**

Plaintiffs allege generally that "the entire transaction from beginning to now constitutes Unfair or Deceptive Acts and Practices under Business & Professions Code Sections 17200, et seq." and "Under California Law any act which violates any law is an unfair or deceptive act as defined by the Statute cited supra." Compl. at ¶ 13. Aside from this conclusory and circular statement, Plaintiffs make no other reference to which specific acts committed by Defendants form the basis for their § 17200 claim. As discussed above and below, each of Plaintiffs' other causes of actions are to be dismissed as inadequately pled at this stage; therefore, there is no legal violation that can be "borrowed" to support a claim for "unlawful" business practices. See Jacobson v. Balboa Arms Drive Trust No. 5402 HSBC Financial Trustee, No. 10–CV–2195-JM (RBB), 2011 WL 3328487, at *9 (S.D. Cal. Aug. 1, 2011) (citing Cel–Tech Commc'ns, Inc. v. L .A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)). Plaintiffs have also failed to adequately plead their allegations of fraud (see infra, section IV.J), and have not indicated in what manner the practices alleged are "unfair" within the meaning of § 17200—by, for example, demonstrating that they "threaten[ ] an incipient violation of an antitrust law," Byars v. SCME Mortgage Bankers, Inc., 109 Cal.App.4th 1134, 1147 (2003). Therefore, this claim must also be dismissed.

**I.      Ninth Cause of Action: Truth in Lending Act ("TILA")**

Plaintiffs' TILA cause of action fails as a matter of law because their claim is time-barred and they do not assert any facts in support of their claims. Plaintiffs allege that they obtained their loan on January 30, 2007. Compl. at ¶ 5. This action was not filed until December 13, 2010. Plaintiffs' claim for damages under TILA therefore violates TILA's one-year statute of limitations, which runs from the date the loan is consummated. 15 U.S.C. § 1640(e); Blanco v. American Home Mortgage Servicing, Inc., 2009 WL 4674904, at *2; Bledea v. IndyMac Federal Bank, No. CIV-S-09-1239 LKK/GGH, 2010 WL 715255, at *4 (E.D. Cal. Feb. 25, 2010); see also 15 U.S.C. § 1640(e); King v. California, 784 F.2d 910, 913-914 (9th Cir. 1986). Accordingly, Plaintiff's TILA claim is time-barred, unless the doctrine of equitable estoppel applies.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances." King v. California, 784 F.2d at 914-15. A motion to

**United States District Court**
For the Northern District of California

1   dismiss made on statute of limitations grounds must be denied if the complaint "adequately alleges

2   facts showing the potential applicability of the equitable tolling doctrine." <u>Cervantes v. City of San</u>

3   <u>Diego</u>, 5 F.3d 1273, 1277 (9th Cir. 1993); <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 1003-

4   04 (9th Cir. 2006). Equitable tolling may apply when a plaintiff could not have discovered the

5   basis for their claim, so the court turns to the bases alleged in the Complaint. Plaintiffs fail to make

6   any allegations that Defendants breached TILA. <u>See</u> Compl. Because Plaintiffs fail to raise any

7   specific allegations, the Complaint does not support an inference that the basis for the TILA claim

8   could not have been discovered at the time of the initial transaction. Nor have Plaintiffs identified

9   any potential barrier to bringing suit on this issue before December 13, 2010. Under Ninth Circuit

10  authority, dismissal on statute of limitations grounds is appropriate here. <u>Huynh</u>, 465 F.3d at 1004.

11  Therefore, Plaintiffs' claims under TILA are barred, and are dismissed with prejudice.

12      **J.**       **Tenth Cause of Action: Fraud**

13         Federal Rule of Civil Procedure 9(b) requires a party alleging fraud or mistake to "state

14  with particularity the circumstances constituting [that] fraud or mistake." This pleading standard is

15  met if the complaint "identifies the circumstances constituting fraud so that the defendant can

16  prepare an adequate answer from the allegations. The complaint must specify such facts as the

17  times, dates, places, benefits received, and other details of the alleged fraudulent activity."

18  <u>Neubronner v. Milken</u>, 6 F.3d 666, 671 (9th Cir. 1993) (internal quotation marks and citations

19  omitted). In addition, "[t]he plaintiff must set forth what is false and misleading about a statement,

20  and why it is false." <u>In re GlenFed, Inc. Securities Litigation</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).

21         Plaintiffs' Tenth Cause of Action does not plead fraud with particularity as Rule 9(b)

22  requires. In fact, Plaintiffs fail to plead any facts at all, alleging only that "[t]he acts and omissions

23  portrayed herein by Plaintiffs, their successors and predecessors in interest, meet the nine 'horn

24  book' elements of fraud. Please see Civil Code Sections 1572, et seq." Compl. at ¶ 15. Indeed,

25  Plaintiffs fail to allege any specific misrepresentation or omission, by whom it was made, when it

26  was made, or how Plaintiffs relied upon the fraud to their detriment. Moreover, the statute of

27  limitations for fraud is three years. <u>See</u> Code Civ. Proc. § 338(d). As discussed above, Plaintiffs'

28  loan was obtained on January 30, 2007, but the Complaint was not filed until December 13, 2010.

1   Plaintiffs' claim is therefore time-barred.  For all of these reasons, Plaintiffs' Tenth Cause of

2   Action is dismissed with prejudice.

3           **K.**       **Eleventh Cause of Action: Affordability of Loan & Breach of Fiduciary Duties**

4           Defendant argues that Plaintiffs' Eleventh Cause of Action for an alleged breach of

5   fiduciary duty is devoid of factual allegations and fails accordingly.  A breach of fiduciary duty

6   claim requires the Plaintiff to allege (1) the existence of a fiduciary relationship, (2) a breach of the

7   fiduciary duty, and (3) damages proximately caused by the breach.  <u>Blanco</u>, 2009 WL 4674904, at

8   *6.  Here, Plaintiffs fail to allege facts to establish the requisite duty or any breach.  Plaintiffs

9   allege that "Defendants" (without identifying which defendants) "and their predecessors and

10  successors in interest had complete scienter and ill intent in breach of the Federal and State laws

11  cited including breaches of their fiduciary duties."  Compl. ¶ 15.  Plaintiffs do not allege any facts,

12  however, showing any fiduciary relationship between Plaintiffs and OneWest or MERS (or any

13  other defendant).

14          To the extent Plaintiffs assert that one or more Defendants (lenders) owe a fiduciary duty to

15  Plaintiffs, the court disagrees.  There is no fiduciary duty between a bank and its borrowers.

16  <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991); ("[A]s a general

17  rule, a financial institution owes no duty of care to a borrower when the institution's involvement

18  in the loan transaction does not exceed the scope of its conventional role as a mere lender of

19  money."); <u>Price v. Wells Fargo Bank</u>, 213 Cal. App. 3d 465, 476-77 (1989) (finding that there is

20  not a fiduciary relation between a bank and its loan customers); <u>see also</u> <u>Blanco</u>, 2009 WL

21  4674904, at *6.  Because Plaintiffs fail to allege facts showing a fiduciary relationship, the court

22  dismisses Plaintiffs' Eleventh Cause of Action.

23          **L.**       **Twelfth Cause of Action: Violation of California Civil Code § 1632**

24          In their Twelfth Cause of Action, Plaintiffs claim that their loan documents were not in

25  Spanish and that Plaintiffs do not speak English.  Compl., ¶ 16.  Plaintiffs argue that Defendants

26  violated California Civil Code § 1632, which requires any person engaged in a trade or business

27  who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, to deliver a

28  translation of the contract to the other party in the language in which the contract was negotiated.

*United States District Court*
For the Northern District of California

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1    Cal. Civ.Code § 1632(b).  There are no allegations in Plaintiff's Complaint that Defendants

2    negotiated primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean.  To the contrary, the

3    Complaint alleges that Defendants served "contractual documents" in English.  Accordingly, Cal.

4    Civ. Code § 1632 does not apply to this case, and Plaintiffs' Twelfth Cause of Action is dismissed.

5         **M.    Thirteenth Cause of Action: Unconscionability**

6         Plaintiffs claim that the "contractual documents are unconscionable under applicable

7    standards of interpretation and application."  Compl. ¶ 17.  An assertion that a contract is

8    unconscionable fails unless the claimant can establish both that the contract is procedurally

9    unconscionable (in that the claimant did not have a meaningful choice) and substantively

10   unconscionable (in that the terms at issue are exceedingly unfair).  Shadoan v. World Sav. & Loan

11   Ass'n, 219 Cal. App. 3d 97, 102 (1990).  In this case, Plaintiffs fail to support their claim with any

12   facts and instead allege a single conclusory statement; they identify neither the specific documents

13   in question nor the actors involved in the "unconscionable" conduct.  Compl. ¶ 17.  Consequently,

14   Plaintiffs' claim fails as a matter of law and must be dismissed.

15        **N.    Fourteenth Cause of Action: Breach of Contract**

16        Plaintiffs' Fourteenth Cause of Action, for breach of contract, is wholly devoid of any facts

17   and is conclusory.  Indeed, the only allegation Plaintiffs put forth is that "Defendants, their

18   predecessors and successors in interest and liability, are liable for breach of contract."  Compl. ¶

19   22.  Plaintiffs again fail to identify which "Defendants" they are referring to and which contract

20   was breached.

21        To state a claim for breach of contract, a plaintiff must allege: (1) existence of a contract,

22   (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage

23   to plaintiff.  See Walsh v. West Valley Mission Community College Dist., 66 Cal. App. 4th 1532,

24   1545 (1998).  For a breach of contract claim to succeed, a plaintiff must allege the existence of an

25   enforceable contract or contract term that a defendant purportedly breached.  In order to properly

26   plead the existence of such a term, a plaintiff must either "set forth in *haec verba*" all the terms of

27   the contract or state the legal effect of those terms.  Gilmore v. Lycoming Fire Ins. Co., 55 Cal.

28   123, 124 (1880).

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1    The Complaint here fails to set forth the required elements.  It is impossible to tell from the

2    Complaint what agreement the Plaintiffs are relying upon for any such claim, whether the

3    agreement is oral or in writing, the specific provisions at issue or the obligation breached, or the

4    damages sustained.  Further, the essential terms of the supposed agreement are not alleged.

5    California law is clear that in breach of contract actions, plaintiffs must allege the material terms of

6    an agreement (if oral or implied) or attach a copy of the written agreement to the complaint.

7    Otworth v. Southern Pac. Transp. Co., 166 Cal. App. 3d 452, 459 (1985) ("If the action is based on

8    an alleged breach of a written contract, the terms must be set out verbatim in the body of the

9    complaint or a copy of the written instrument must be attached and incorporated by reference.");

10   Witkin, Cal. Proc. 4th (1997) Plead, § 481, p. 573, (citing Gilmore v. Lycoming Fire Ins. Co., 55

11   Cal. 123, 124 (1880)).  As there are no factual allegations that state a cause of action for breach of

12   contract, Plaintiffs' Fourteenth Cause of Action will be dismissed.

13          **O.      Fifteenth Cause of Action: Breach of Covenant of Good Faith and Fair Dealing**

14          Plaintiffs' Fifteenth Claim for relief is based on conclusory allegations of breach of the

15   implied covenant of good faith and fair dealing.  A covenant of good faith and fair dealing is

16   implied in every contract.  Carma Dev. (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342,

17   371-72 (1992).  "The implied covenant of good faith and fair dealing rests upon the existence of

18   some *specific contractual obligation*. . . . [T]he implied covenant is limited to ensuring compliance

19   with the express terms of the contract, and cannot be extended to create obligations not

20   contemplated in the contract."  Racine & Laramie, Ltd. v. California Dep't of Parks & Recreation,

21   11 Cal. App. 4th 1026, 1031-32 (1992) (emphasis added); see also Carreau & Co. v. Security Pac.

22   Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1394 (1990).

23          Like the previous claim, Plaintiffs fail to specifically identify which "Defendants" breached

24   the covenant of good faith and fair dealing or which contracts are at issue.  Compl. ¶ 19.  The

25   failure to identify either the specific contractual obligation from which the implied covenant could

26   have arisen, or the actual contract in its entirety, mandates dismissal.  See, e.g., Blanco, 2009 WL

27   4674904, at *8; Edejer v. DHI Mortgage Co., No. C-09-1302-PJH, 2009 WL 1684714, at *9 (N.D.

28   Cal. June 12, 2009) ("To establish a breach of the covenant of good faith and fair dealing, a

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

United States District Court
For the Northern District of California

1  plaintiff must establish the existence of a contractual obligation. . . ."); Hutson v. American Home

2  Mortg. Servicing, Inc., No. C 09-1951 PJH, 2009 WL 3353312, at *11 (N.D. Cal. Oct. 16, 2009)

3  (dismissing borrower's claim for breach of the implied covenant of good faith and fair dealing

4  where no contract was alleged).  Plaintiffs' Fifteenth Cause of Action will therefore be dismissed.

5        **P.     Sixteenth Cause of Action:  Breach of Quiet Enjoyment**

6        Plaintiffs' Sixteenth Cause of Action does not clearly state what claim is alleged.  The

7  claim is captioned "Breach of Quiet Enjoyment," but Plaintiffs go on to state that "implied by law

8  in every contract pertaining to an interest in real estate is the implied warranty of habitability"

9  without further mention of quiet enjoyment.  Compl. ¶ 20.  In either case, Plaintiffs fail to state a

10  cognizable claim.

11        To the extent Plaintiffs allege a breach of quiet enjoyment, such a claim is inapplicable

12  because OneWest and MERS are not lessors.  Leases carry with it an implied covenant of quiet

13  enjoyment that is binding on the lessor during the continuation of the term.  See Cal. Civ. Code §

14  1927. As Plaintiffs have not alleged that OneWest or MERS are lessors or parties to a lease with

15  Plaintiffs, this claim is inapplicable to either party.

16        Similarly, Plaintiffs' claim for Breach of the Implied Warranty of Habitability fails because

17  OneWest and MERS are not lessors.  A warranty of habitability is implied by law in residential

18  leases in California.  Green v. Superior Court, 10 Cal. 3d 616, 631 (1974). Again, Plaintiffs have

19  not set forth any factual allegations that OneWest or MERS are lessors or parties to a lease with

20  Plaintiffs. As such, this claim is also inapplicable and fails.  For all of these reasons, Plaintiffs'

21  Sixteenth Cause of Action is dismissed.

22        **Q.     Seventeenth Cause of Action:  Punitive Damages**

23        Plaintiffs' Seventeenth Cause of Action seeks "punitive damages" without alleging any

24  facts or an actual cause of action to support its damage claim.  Compl. ¶ 21.  A request for

25  "punitive damages" in and of itself is not a cognizable claim without an assertion of a tort cause of

26  action.[4]  Accordingly, Plaintiffs' claim for punitive damages will be dismissed.

27  _____
[4]    Punitive damages are not available in a contract action and in the absence of an independent
28  tort; they may not be awarded for breach of contract even if the defendant's conduct in breaching
the contract was willful, fraudulent, or malicious.  Applied Equip. Corp. v. Litton Saudi Arabia

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.  ORDER

Plaintiffs' complaint fails to allege sufficient facts to state a claim against Defendants. Accordingly, the court GRANTS the Motion to Dismiss filed by Defendants OneWest and MERS. Claims 3, 4, 5, 6, 9, 10 are dismissed **with prejudice**, as those causes of action fail to set forth a cognizable claim against OneWest and MERS, and any amendment to the complaint would be futile.  Although it is doubtful that Plaintiffs will be able to sufficiently amend their other claims, given the lack of factual allegations contained in the complaint, the court will grant leave to amend claims 1, 2, 7, 8, 11, 12, 13, 14, 15, 16 and 17 in order to give Plaintiffs the opportunity to secure new counsel and file a complaint that addresses all of the defects discussed herein.  Any amended complaint shall be filed within thirty (30) days of the date of this Order.  Plaintiffs may not add new claims or parties without seeking the opposing parties' consent or leave of the court Pursuant to Federal Rule of Civil Procedure 15.  **If Plaintiffs fail to file an amended complaint within 30 days of this Order, the action will be dismissed with prejudice.**

**IT IS SO ORDERED.**

Dated:  December 13, 2011



EDWARD J. DAVILA
United States District Judge

---

Ltd., 7 Cal. 4th 503, 516 (1994); <u>see also</u> <u>Brewer v. Premier Golf Prop., LP</u>, 168 Cal. App. 4th 1243, 1255-56 (2008).  Even if a separate tort cause of action is alleged along with a breach of contract action, a punitive damage award is improper if the verdict is based only on the contract action.  <u>Myers Bldg. Indus., Ltd. v. Interface Techn., Inc.,</u> 13 Cal. App. 4th 949, 960 (1993).

Case No.: 5:CV 11-00777-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS